# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 5, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-131**        (Cir. Ct. Kanawha Cnty. No. 21-AA-52)

**SARA JONESE,**
**Petitioner Below, Respondent**

**and**

**POCAHONTAS COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Workforce West Virginia ("Workforce") appeals the August 25, 2022, "Order Reversing the Final Order of the Board of Review" entered by the Circuit Court of Kanawha County. Respondent Sara Jonese timely filed her response.[1] Respondent Pocahontas County Board of Education ("Pocahontas BOE") did not file a response. Workforce did not file a reply. The issue on appeal is whether the circuit court erred in reversing the Workforce Board of Review ("Board") and in finding that the Board erred by failing to consider whether Governor Justice's Executive Order Nos. 4-20 and 11-21 prevented Workforce from collecting past paid unemployment benefits from Ms. Jonese.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and this case is remanded to the Circuit Court of Kanawha County with directions to remand the case to the Board for further proceedings consistent with this decision.

Respondent Sara Jonese was employed by the Pocahontas BOE as a substitute teacher for the 2018-2019 school year. Ms. Jonese's last day of work with the Pocahontas

---

[1] Workforce is represented by Kimberly A. Levy, Esq. Ms. Jonese is represented by Michael M. Cary, Esq. Pocahontas County Board of Education did not participate in this appeal.

1

BOE was on April 15, 2019. At the end of the 2018-2019 school year, Ms. Jonese's contract ended, and she did not submit the required form to remain employed as a substitute teacher. She did not work for the Pocahontas BOE at any time during the 2019-2020 school year. In August of 2019, she enrolled as a student at Pierpont Community and Technical College, where she completed online classes throughout the 2019-2020 school year.

While in school as a full-time online student, Ms. Jonese worked a part-time job at Old Spruce Café at Snowshoe Resort during her Christmas break and on weekends.[2] At this time, Ms. Jonese was advised by a Workforce employee that she was eligible for unemployment compensation benefits during the Covid-19 pandemic. The Workforce employee advised Ms. Jonese as to how she should file paperwork to apply and also explained the specific benefits that she was eligible to receive. On April 6, 2020, Ms. Jonese filed a claim for unemployment benefits. Ms. Jonese subsequently received benefits for the week ending April 11, 2020, through the week ending April 3, 2021. Ms. Jonese did not receive unemployment compensation benefits for the weeks of July 4, 2020, and November 28, 2020, as she was disqualified for these weeks.[3]

On February 9, 2021, the Board issued its deputy's decision, which found that Ms. Jonese was disqualified from receiving benefits from May 24, 2020, to June 27, 2020, and from July 11, 2020, to August 15, 2020.[4] The deputy reasoned that Ms. Jonese had a reasonable assurance of employment as a substitute at the beginning of the next academic term, which disqualified her from receiving benefits. The deputy's decision stated that because Ms. Jonese was disqualified during this period, an overpayment of $1,222 was due to Workforce.

On May 25, 2021, the Board's administrative law judge ("ALJ") held a hearing. Ms. Jonese appeared by telephone, and Workforce did not appear. Ms. Jonese testified that her last day of employment with the Pocahontas BOE was on April 15, 2019, and that she was not employed for the rest of the summer before enrolling in school in the fall of 2019. Ms. Jonese also indicated that she received unemployment when she was a full-time student, and that she had continued to receive unemployment until around three months before the date of the hearing.

By decision dated May 27, 2021, the ALJ found that Ms. Jonese was last employed by the Pocahontas BOE on April 15, 2019, and that she had refused calls to work as a

---

[2] Ms. Jonese stated in her application for unemployment benefits that she worked at Old Spruce Café as a server from December 9, 2020, to January 5, 2021.

[3] It is not apparent from the record why Ms. Jonese was disqualified for these weeks.

[4] Ms. Jonese was disqualified for these weeks because Pocahontas County Schools were on summer break from May 24, 2020, to August 15, 2020.

substitute teacher since that time. Further, the ALJ found that between May 24, 2020, and August 15, 2020, the regularly scheduled summer break occurred, during which time no substitute teachers were needed. The decision also stated that Ms. Jonese was receiving unemployment benefits as a result of being advised by a Workforce employee that she was eligible. However, the ALJ found that West Virginia Code § 21A-6-15(b) (3) (1996) barred the payment of benefits for educators during summer break. Workforce modified the deputy's decision, and held that Ms. Jonese had received benefits from May 30, 2020, to June 27, 2020, to which she was not entitled. Finally, the ALJ found that Ms. Jonese had received an overpayment of $1,222 in benefits.

Ms. Jonese appealed the May 27, 2021, ALJ decision to the Board. By decision dated August 11, 2021, the Board adopted the ALJ's decision in its entirety. The Board affirmed the finding that Ms. Jonese was disqualified from receiving benefits from May 30, 2020, to June 27, 2020, and from July 11, 2020, to August 15, 2020, because she had a reasonable assurance of employment as a substitute for the 2020-2021 school year.

Ms. Jonese appealed the Board's decision to the Circuit Court of Kanawha County. The circuit court entered an "Order Reversing the Final Order of the Board of Review" on August 25, 2022. The circuit court found that West Virginia Code § 21A-10-21(1989) limits the collection of erroneously paid unemployment benefits after two years. Further, the circuit court found that Governor Jim Justice's Executive Order No. 11-21 prohibited the collection of unemployment benefits that were incorrectly, but not fraudulently distributed to claimants during the Covid-19 pandemic. The circuit court also found that Governor Justice's Executive Order No. 4-20 stated that those prevented from working due to the Covid-19 pandemic were eligible for benefits to the maximum extent permitted by federal law.

The circuit court further stated that it defied logic for the Board to find that Ms. Jonese had a reasonable assurance of returning to work in the fall semester of the 2020-2021 school year, as she had not been employed with the Pocahontas BOE for over a year at the time that she applied for benefits. The circuit court concluded that West Virginia Code § 21A-10-21 provides a two-year statute of limitations on the collection of unemployment benefits that were erroneously paid to a claimant. Further, the circuit court held that the Board erred in affirming the ALJ without considering the source of the alleged overpayments, whether recoupment of the payments would be against equity and good conscience, and whether Workforce maintained its authority to collect the payments. Based on this reasoning, the circuit court reversed the final order of the Board. It is from this Order that Workforce now appeals.

Our standard of review is as follows:

The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the

findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Workforce advances several arguments in support of its position. First, Workforce argues that the circuit court erred in failing to give deference to the Board and erroneously substituted its own judgment. Second, Workforce argues that the circuit court erred in holding that West Virginia Code § 21A-6-15(b)(3) was not applicable to this case, as Ms. Jonese was seeking unemployment for the summer of 2020, when public schools are not traditionally open for instruction.[5] Next, Workforce argues that West Virginia Code § 21A-10-21 does not prohibit Workforce from recovering benefits paid to Ms. Jonese. Finally, Workforce argues that the circuit court erred in holding that Executive Order Nos. 11-21 and 4-20 applied to this case and required reversal of the decision of the Board.[6]

Turning to Workforce's assignment of error regarding West Virginia Code § 21A-10-21, the circuit court held that West Virginia Code § 21A-10-21 provided a two-year statute of limitations against collection of past paid benefits in this case. West Virginia Code § 21A-10-21 provides:

> A person who, by reason of error, irrespective of the nature of said error, has received a sum as a benefit under this chapter, shall either have such sum deducted from a future benefit payable to him or shall repay to the commissioner the amount which he has received. Collection shall be made in the same manner as collection of past due payment. Provided, That such collection or deduction of benefits shall be barred after the expiration of two years.

---

[5] With regard to this assignment of error, we find that the circuit court erroneously applied West Virginia Code § 21A-6-15(b)(3), which refers to vacation periods during the school year, instead of § 21A-6-15(b)(2), which has been applied by the Supreme Court in cases involving substitute teachers receiving unemployment benefits in the period between two successive academic years. Syl. Pt. 1, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

[6] Under this assignment of error, Workforce argues that Executive Order 11-21 is inapplicable, as Ms. Jonese did not exhaust her administrative remedies before appealing the Board's decision to circuit court. This issue was reserved for the Board as trier of fact and was not raised below, thus it cannot be raised for the first time on appeal. "Our general rule is that nonjurisdictional questions… raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam).

The circuit court concluded that the statute of limitations set forth in West Virginia Code § 21A-10-21 limits the collection of erroneously paid benefits after two years, and thus precludes Workforce from collecting the benefits paid to Ms. Jonese. However, the Supreme Court of Appeals of West Virginia has held that West Virginia Code § 21A-10-21 bars Workforce from collecting benefits paid to a claimant prior to two years before the date of the deputy's decision. *See Myers v. Outdoor Express, Inc.*, 235 W. Va. 457, 774 S.E.2d 538 (2015). Here, Ms. Jonese had received unemployment benefit payments only within two years of the initial deputy's decision. Ms. Jonese received benefits between April 11, 2020, to April 3, 2021. The initial deputy's decision was dated February 9, 2021. Thus, the circuit court erred in applying the two-year statute of limitations to this case. Accordingly, we reverse the circuit court's finding that the two-year statute of limitations found in West Virginia Code § 21A-10-21 applied.

Next, we turn to Workforce's arguments regarding Executive Order No. 11-21 and 4-20. These orders were created to assist applicants for unemployment benefits during the pandemic. Executive Order No. 11-21 directs Workforce not to collect overpayments in cases where the claimant was not fraudulent in applying for benefits. Executive Order No. 11-21 provides, in part:

> The provisions of Chapter 21A, Article 10, Section 21 of the Code of West Virginia requiring the commissioner of Workforce West Virginia to collect non-fraudulent unemployment overpayments shall be suspended: provided: (a) the overpayment was received without fault on the part of the claimant; and (b) recoupment of the overpayment would be against equity and good conscience.

Further, Executive Order No. 4-20 directs Workforce to "ensure that individuals who, due to communicable diseases control measures related to COVID-19, are separated from employment, have had their hours of employment reduced, or are prevented from working, shall be eligible for unemployment benefits to the maximum extent permitted by federal law." Executive Order No. 4-20 defines communicable disease control measures as "include[ing] quarantine or isolation directives or orders related to Covid-19, including orders that have been issued or may be issued from time to time relating to the closure or limitation of occupancy of certain types of businesses or facilities to limit the spread of Covid-19. . . ."

Regardless of Ms. Jonese's initial eligibility for unemployment benefits under West Virginia Code § 21A-6-15(b)(2), the Board did not consider Governor Justice's Executive Orders in its analysis. Thus, the Board did not properly analyze whether Workforce is precluded from collecting non-fraudulent overpayments. The record below demonstrates that a Workforce employee made representations to Ms. Jonese that she was eligible for unemployment benefits and advised her as to the specific benefits to which she would be entitled. The record further provides that Ms. Jonese applied for unemployment based on

these representations. It does not appear from the record that Ms. Jonese made any fraudulent statement or misrepresentation to Workforce during the application process.

Based on the foregoing, we reverse the circuit court's finding that the two-year statute of limitations in West Virginia Code § 21A-10-21 applies to this case. Further, we remand to the Circuit Court of Kanawha County with directions for the Court to remand the matter to the Board for consideration and ruling on whether Workforce is able to seek repayment of Ms. Jonese's unemployment benefits in light of Governor Justice's Executive Order Nos. 11-21 and 4-20.

Accordingly, we reverse the Circuit Court of Kanawha County's "Order Reversing the Final Order of the Board of Review," and remand to the circuit court for entry of an order remanding the matter to the Board for further proceedings consistent with this decision.[7]

Reversed and Remanded.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Judge Thomas E. Scarr
Judge Charles O. Lorensen

Chief Judge Daniel W. Greear, not participating.

---

[7] Pursuant to West Virginia Code § 51-11-4 (2022), circuit courts retain jurisdiction over all administrative orders entered prior to June 30, 2022.